IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| YONI RENEA DIAZ, 1314510, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-CV-4104-L |
| ) | |
| WILLIAM STEPHENS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I. Background

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 30, 2005, Petitioner was convicted of murder and was sentenced to life in prison. *State of Texas v. Yoni Renea Diaz*, No. F04-53125-MQ (204th Jud. Dist. Ct., Dallas County, Tex., June 30, 2005). On October 18, 2006, the Fifth District Court of Appeals affirmed Petitioner's conviction. *Diaz v. State*, No. 05-05-00975-CR, 2006 WL 2960798, (Tex. App. – Dallas, Oct. 18, 2006, pet. ref'd).

Petitioner did not initially file a petition for discretionary review. Instead, on May 8, 2009, he filed a state petition for writ of habeas corpus claiming he did not file a petition for discretionary review due to the ineffective assistance of appellate counsel. On April 28, 2010, the Court of Criminal Appeals granted Petitioner the opportunity to file an out-of-time petition

for discretionary review. *Ex parte Diaz*, No. 73,576-02, 2010 WL 1697565 (Tex. Crim. App. 2010).

On August 25, 2010, the Texas Court of Criminal Appeals refused the petition for discretionary review. *Diaz v. State*, PD-0817. Petitioner did not file a petition for writ of certiorari.

On November 8, 2010, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Diaz*, No. 73,576-04. On March 5, 2014, the Court of Criminal Appeals dismissed the petition as noncompliant.

On November 13, 2014, Petitioner filed the instant § 2254 petition. He argues:

1. There was no evidence that he intentionally and knowingly caused the death of the victim;

2. There was no evidence that the knife tested was the actual murder weapon;

3. He received ineffective assistance of counsel when:

    (A) trial counsel failed to make a thorough investigation, file pre-trial motions, request a lesser-included offense instruction, call crucial witnesses, and suppress the murder weapon.

    (B) appellate counsel failed to raise his ineffective assistance of trial counsel claims, failed to raise a self-defense claim, and failed to argue the trial court abused its discretion;

4. His due process rights were violated;

5. The jury charge was erroneous;

6. Improper evidence was admitted and the State failed to produce the murder

weapon;

7. The trial court abused its discretion in allowing a witness to testify;

8. His right to a speedy trial was violated.

On April 29, 2015, Respondent filed a preliminary response arguing that the petition is time-barred. On May 26, 2015, Petitioner filed a reply. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

On August 25, 2010, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. The conviction became final ninety days later on November 23, 2010. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until November 23, 2011, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's second habeas application was dismissed under Texas Rule of Appellate Procedure 73.1 because Petitioner attached pages that were not on the prescribed form. *See Ex parte Diaz*, No. 73,576-04 at cover. It therefore was not "properly filed" within the meaning of § 2244(d) and did not toll the limitations period. *See Larry v. Dretke*, 361 F.3d 890, 894-95 (5th Cir. 2004).

Petitioner was required to file his § 2254 petition by November 23, 2011. He did not file his petition until November 13, 2014. His petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to

---

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).
**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**     Page -4-

determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). To establish entitlement to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012) (citing *Holland v. Florida*, 560 U.S. 631 (2010)). Generally, equitable tolling is available only in "situations where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (citations omitted). Further, "neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Manning*, 688 F.3d at 177 (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (citations omitted)).

In this case, Petitioner claims he is entitled to equitable tolling because the trial court did not inform him that his second habeas petition was non-compliant. Petitioner filed the petition in the trial court on November 8, 2010, and it was not dismissed as non-compliant until the Court of Criminal Appeals dismissed the petition on March 5, 2014. Further, Petitioner had filed petitions for writ of mandamus seeking a ruling on his petition.

Even assuming that Petitioner diligently pursued his remedies, Petitioner's claim for equitable tolling is without merit. The Fifth Circuit has determined that equitable tolling is not warranted where a Petitioner's state habeas petition is non-compliant due to his failure to comply with state procedural rules. *Jones v. Stephens*, 541 Fed. Appx. 499, 504 (5th Cir. 2013). Where a petitioner fails to comply with the state's rules, it is the petitioner's own actions, rather than the state's action, that caused the untimeliness of his petition. *Id.* Petitioner is therefore not entitled to equitable tolling.

## III. Recommendation

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this __ day of April, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).