IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **YONI RENEA DIAZ, #1314510,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-4104-L |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **TDCJ-CID,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

Before the court is Petitioner Yoni Renea Diaz's ("Petitioner" or "Diaz") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed November 18, 2014. The case was referred to Magistrate Judge Paul D. Stickney, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on April 1, 2016, recommending that the court dismiss the petition with prejudice as barred by the one-year limitations period. Petitioner filed objections to the Report on April 25, 2016. Diaz asserts that he received the Report on April 7, 2016, and the postmark indicates that the objections were mailed April 20, 2016. Accordingly, the court will deem the objections as timely filed. Petitioner objects to the application of the one-year limitations period and contends that good cause exists for equitable tolling because he is a foreign national with little knowledge of the law and English.

Having reviewed the file and record in this case and having made a de novo review of those portions of the Report to which Petitioner objected, the court determines that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. The court,

therefore, **overrules** Petitioner's objections to the Report. Accordingly, the court **dismisses** the petition **with prejudice** as barred by the statute of limitations.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability. The court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that Petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[*]

In the event Petitioner will file a notice of appeal, the court notes that Petitioner will need to pay the appellate filing fee of $505 or submit a motion to proceed *in forma pauperis*.

**It is so ordered** this 28th day of April, 2016.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.